IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ST. CLAIR COUNTY, ILLINOIS AND
MACON COUNTY, ILLINOIS, INDIVIDUALLY
AND ON BEHALF OF ALL OTHER COUNTIES
IN THE STATE OF ILLINOIS,

Plaintiffs,

v.                                              No. 14-1320-DRH

TRINITY INDUSTRIES, INC., AND
TRINITY HIGHWAY PRODUCTS, LLC,

Defendants.

## MEMORANDUM and ORDER

HERNDON, District Judge:

### Introduction and Background

Pending before the Court is defendants' motion to dismiss plaintiffs' purported first amended class action complaint (Doc. 46). Naturally, plaintiffs oppose the motion (Doc. 59). Based on the record and the applicable law, the Court **DENIES** the motion.

On February 5, 2015, plaintiffs, St. Clair County, Illinois and Macon County, Illinois, filed a first amended class action complaint against Trinity Industries, Inc. and Trinity Highway Products, LLC., for breach of implied warranties of merchantability and fitness for a particular purpose (Count I); violations of the uniform deceptive trade practices act (Count II); unjust enrichment (Count III) and

injunctive relief (Count IV) (Doc. 34). [1]   Plaintiffs bring this action "to redress economic harm to Plaintiffs, St. Clair County, Illinois and Macon County, Illinois ("the Counties") and all other counties in the State of Illinois caused by Trinity relating to the sale of an unsafe and unapproved guardrail end treatment that has been sold and installed as a safety device on the roads and highways of the counties in the State of Illinois."   (Doc. 34, ¶ 1).

The amended complaint alleges the following. Defendants manufacture the ET-Plus guardrail end terminal ("ET-Plus").   It was developed by Texas A&M University and produced by defendants under license.   The ET-Plus is commonly referred to as a "head" and is used in connection with the standard "W beam" style guardrail to absorb and dissipate the energy of vehicular impact.   It was originally approved by the Federal Highway Administration ("FHWA") in January 2000, and was built according to designs approved by the FHWA.   Upon impact, the guardrail is guided away from the vehicle in a flat ribbon, absorbing the energy of the vehicle. Plaintiffs maintain that defendants secretly modified the dimensions of the ET-Plus between the years 2002 and 2005.   Plaintiffs further allege that despite FHWA requirements, defendants never sought approval for the secretly redesigned ET-Plus or provided scaled drawings of the modified unit to FHWA.   Plaintiffs allege that with the 2005 modified ET-Plus the guardrail does not feed properly through the chute due to reduced area/dimensions of the feeder chute itself.

---

[1] The original complaint was filed on November 26, 2014 (Doc. 2).   Plaintiffs seek to represent "themselves and … all the other counties of the State of Illinois which were harmed by Defendants' wrongful and improper conducted…." (Doc. 34; p. 16, ¶ 49).

Plaintiffs assert that defendants modified the feeder channels of the standard extruder throat to 4 inches wide, as opposed to the previously approved and functional ET-Plus that was equipped with 5-inch wide feeder channels.   Plaintiffs allege this smaller 4-inch design prevents the ET-Plus from traveling along the guardrail upon impact, and instead impales vehicles or causes the guardrails to double over on itself.

Defendants move for dismissal based on the following: (1) plaintiffs' amended complaint fails to state a claim upon which relief can be granted because defendants cannot be liable for the manufacture and sale the ET-Plus that has received continued approval from the FHWA under the applicable federal crash testing criteria; (2) plaintiffs' breach of warranty and unjust enrichment claims should be dismissed for failure to state a claim; and (3) plaintiffs' time-barred claims should be dismissed.[2]   Plaintiffs responded (Doc. 59).   As the motion is ripe, the Court addresses the merits.

## Motion to Dismiss Standard

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cty. of Boone, Ill.*, 483 F.3d 454, 457 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled

---

2 Also in this motion, defendants alternatively moved to stay the action pending the outcome of *United States ex rel. Joshua Harman v. Trinity Indus. Inc.*, 2:12-cv-0089-JRG (E.D. TX).   *Harmon* is a *qui tam* action under the False Claims Act ("FCA") based on similar allegations to the case at bar. The Court granted the motion to stay (Doc. 67).   However, on September 30, 2015, the Court granted plaintiff's motion to lift the stay (Doc. 74).

to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *see also* Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss under Rule 12(b)(6), the Court must "accept [ ] as true all well-pleaded facts alleged, and draw [ ] all possible inferences in [the plaintiff's] favor." *Tamayo*, 526 F.3d at 1081.

A complaint, however, must also allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Plausibility, however, "does not imply that the district court should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

In addition to the complaint itself, the Court may consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). When, however, matters outside the pleadings are presented to a Court deciding a motion to dismiss, that Court must either convert the motion to dismiss into one for summary judgment or exclude the additional matters.

12(d);  *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).   The Court notes that while defendants did file extraneous matters in support of the motion, the Court is not converting the motion to dismiss as one for summary judgment at this early stage of the litigation.

<u>Analysis</u>

First, defendants move to dismiss plaintiffs' claims arguing that the allegedly false, fraudulent or deceptive statements made by defendants underlying each of plaintiffs' claims are true as a matter of law.   Specifically, defendants maintain that FHWA has continuously and repeatedly affirmed that the ET-Plus meets crash testing criteria and that an "unbroken chain of eligibility" has existed for the ET-Plus since 2005.   Plaintiffs counter that their amended complaint is not as simplistic as defendants maintain.   Plaintiffs contend that because of defendants' significant changes to the ET-Plus, the end terminal that was ultimately approved by the FHWA in 2005 was vastly dissimilar to the unit that had been tested.   Thus, plaintiffs contend that every time defendants sold the ET-Plus after the secret modifications, it provided a false certification that the ET-Plus conformed to the unit that had been approved by the FHWA.   After reviewing the pleadings and the documents, the Court finds that plaintiffs have stated a plausible cause of action against defendants at this stage of the litigation.   The first amended complaint is based upon defendants' alleged fraudulent certifications and faulty warranties that occurred after 2005. Clearly, these disputes of fact need to be addressed at the

summary judgment stage after the benefit of discovery. Thus, the Court denies the motion based on this argument.

Next, defendants argue that the breach of implied warranty claims must be dismissed because plaintiffs lack direct privity with defendants and fail to sufficiently allege third-party beneficiary status.   Defendants argue that plaintiffs do not allege that they directly entered into any contracts to purchase ET-Plus united from defendants.   Thus, according to defendants, plaintiffs lack the direct buyer-seller relationship that is required.   Plaintiffs counter that they have specifically alleged a cause of action for breach of implied warranty.   The Court agrees.   Plaintiffs allege that they "were a third-party beneficiary of the implied warranties of merchantability and fitness for a particular purpose because the manufacturer Defendants knew the identity, purpose, and requirements of Plaintiffs and members of the Class and manufactured and delivered those goods specifically to meet those requirements, which was to increase the safety of and protect those driving on the roads of the particular counties." (Doc. 34, ¶64). Plaintiffs have sufficiently alleged a plausible cause of action for breach of implied warranties.   Thus, the Court denies the motion as to this argument.

Also, defendants argue that the unjust enrichment claim must be dismissed because plaintiffs have failed to sufficiently allege the benefit plaintiffs conferred on defendants and defendants have not engaged in wrongful or unjust conduct as a matter of law.   Under Illinois law, to state a claim of unjust enrichment, "a plaintiff must allege that the defendant has unjustly retained a benefit to the

plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Gagnon v. Schickel*, 983 N.E.2d 1044, 1052 (Ill. App. 2012).

Plaintiffs allege that they conferred a direct benefit on defendants. Specifically, plaintiffs allege: "[t]housands of the [ET-Plus] have been paid for, at least in part, by the [plaintiffs] and other counties in the State of Illinois and installed on Illinois highways and roads." (Doc. 34, ¶ 2). Plaintiffs also allege that the ET-Plus units defendants shipped were significantly different than the unit that received FHWA approval and without defendants' false certifications, plaintiffs would not have bought the ET-Plus. *Id*. at ¶¶ 24, 42. Further, plaintiffs maintain that "[b]y their wrongful acts and omissions … Defendants were unjustly enriched at the expense of the Plaintiffs … as Defendants voluntarily accepted and the retention of the benefit would be inequitable and injust." *Id*. at ¶ 80. Thus, the Court finds that plaintiffs have pled facts which are sufficient to put defendants on notice with regard to the unjust enrichment claim. The amended complaint contains factual allegations which are enough "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Moreover, at present there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiffs' claims. *Id*. at 556.

Lastly, defendants argue that the statute of limitations bars plaintiffs' claims as plaintiffs fail to identify any time period for which they seek recovery. Defendants maintain that at a minimum that the breach of warranty claims prior to

Page **7** of **11**

November 26, 2010; the consumer fraud claims prior to November 26, 2011; and all unjust enrichment claims prior to November 26, 2009 must be dismissed as expired as a matter of law. Moreover, defendants argue that plaintiffs are not entitled to equitable estoppel as plaintiffs have failed to allege facts that defendants engaged in any conduct intended to prevent them from discovering their claims or that plaintiffs justifiably relied on such representations in failing to timely assert their causes of action. Plaintiffs counter that the time frame under which plaintiffs knew or should have known of their injury and that it was wrongfully caused commenced at the earliest on November 13, 2014.   At this stage of the pleadings, the Court rejects defendants' arguments.

The statute of limitations is an affirmative defense, *see* Fed.R.Civ.P. 8(c), and need not be addressed by plaintiffs in their complaint. *See U.S. Gypsum Co. v. Indiana Gas Co., Inc.,* 350 F.3d 623, 626 (7th Cir. 2003); *see also United States v. N. Trust Co.,* 372 F.3d 886, 888 (7th Cir. 2004) ("[A] complaint states a claim on which relief may be granted whether or not some defense is potentially available."). Therefore, complaints need not anticipate defenses, and the resolution of the statute of limitations comes after the complaint stage. *See N. Trust Co.,* 372 F.3d at 888 (citing *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980)); *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP,* 559 F.3d 671, 674 (7th Cir. 2009) (""Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the  statute  of  limitations.");

*Partners,* 682 F.3d 687, 690 (7th Cir. 2012) ("Further, these defenses typically turn on facts not before the court at that stage in the proceedings.").

This general rule is subject to an important exception: the statute of limitations issue may be resolved definitely on the face of the complaint when the plaintiff pleads too much and admits definitively that the applicable limitations period has expired. *See id; Gypsum,* 350 F.3d at 626 ("A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense...."); *O'Gorman v. City of Chicago,* 777 F.3d 885, 889 (7th Cir. 2015) ("if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground."). However, the Seventh Circuit has cautioned that this "irregular" approach is appropriate "only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.,* 770 F.3d 610, 613–14 (7th Cir. 2014) (quotations omitted); *see N. Trust Co.,* 372 F.3d at 888. As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record. *See Clark v. City of Braidwood,* 318 F.3d 764, 767 (7th Cir. 2003) (reversing dismissal because, "at this stage, the question is only whether there is *any* set of facts that if proven would establish a defense to the statute of limitations, and that possibility exists" (citation omitted));

*Bankers Life & Cas. Co.,* 959 F.2d 75, 80 (7th Cir. 1992) ("[W]hen a complaint is dismissed at the pleadings stage the question is not what are the facts, but is there a set of facts that if proved would show that the case had merit?").

Based on the following the Court concludes that plaintiffs have not pled themselves of court based on the allegations in their amended complaint. The Court notes that the parties do not dispute that the general statute of limitations for breach of warranty, consumer fraud, and unjust enrichment claims are subject to four-year, three-year and five-year statute of limitations respectively. 810 ILCS 5/2-725(a); 815 ILCS 505/10a(e); and 735 ILCS 5/13-205. In the amended complaint, plaintiffs allege that the existence of the sale of the unapproved version of the ET-Plus was not brought to the FHWA's attention until January 2012. (Doc. 34, ¶ ¶ 33, 36). Further, plaintiffs allege that in a February 2012 meeting defendants admitted for the first time that they had shrunk the width of the ET-Plus feeder channels from 5 inches to 4 inches and plaintiffs also allege at this time defendants failed to inform that they had also shrunk the interior vertical clearance of the feeder chute and the exit gate. *Id*. at ¶ 33. In addition, the amended complaint alleges that defendants continue to falsely certify that the FHWA has approved the use of the ET-Plus on highways across the nation. *Id*. at ¶ ¶ 34, 35, 39 & 41. The amended complaint also alleges that it was not until November 13, 2014 that the Illinois Department of Transportation sent a letter to defendants advising that the ET-Plus traffic barrier would not be allowed on current or future contracts. *Id*. at ¶¶ 42, 43. Based on those allegations, the Court finds that the

claims are not time-barred. Therefore, dismissal for failure to file a complaint within the statute of limitations period is not appropriate at this stage in the proceedings.

<u>Conclusion</u>

Accordingly, the Court **DENIES** defendants' motion to dismiss the purported first amended class action complaint (Doc. 46).

**IT IS SO ORDERED.**

Signed this 18th day of February, 2016.

Digitally signed
by Judge David R.
Herndon
Date: 2016.02.18
15:47:42 -06'00'

**United States District Judge**