IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ST. CLAIR COUNTY, ILLINOIS AND
MACON COUNTY, ILLINOIS, INDIVIDUALLY
AND ON BEHALF OF ALL OTHER COUNTIES
IN THE STATE OF ILLINOIS,

Plaintiffs,

v.                                                                  No. 14-1320-DRH

TRINITY INDUSTRIES, INC., AND
TRINITY HIGHWAY PRODUCTS, LLC,

Defendants.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is plaintiffs' request to appeal and objections to the Magistrate's November 14, 2016, Memorandum and Order pursuant to Fed. R. Civ. P. 72 and Local Rule 73.1 (Doc. 153). Specifically, plaintiff appeals Magistrate Judge Williams Order denying plaintiffs' motion to amend the complaint, citing untimeliness and undue prejudice on defendants' behalf (Doc. 148). Plaintiffs maintain that Magistrate Judge Williams erred in denying the motion to amend as the written discovery is still occurring and that this "case is still in its initial stages. (Doc. 153, p. 2). Obviously, defendants oppose plaintiffs' request to appeal and plaintiffs' objections arguing that after two years of litigation plaintiffs are attempting to file a brand new lawsuit disguised as an amended complaint (Doc. 156). Based on the following, the Court affirms Magistrate Judge Williams'

Page **1** of **4**

November 14, 2016 Memorandum and Order and denies plaintiffs' appeal.

> Rule 73.1(a) of the Southern District of Illinois provides:
>
> (a) Appeal of Non-Dispostive Matters – 28 U.S.C. § 636(b)(1)(A) Any party may appeal a Magistrate Judge's order determining a motion or matter within **14 days** after issuance of a Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge. The party shall file with the Clerk of the Court and serve on all parties a written request for an appeal which shall specifically designate the order or part of the order that the parties wish the Court to reconsider. A District Judge shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to the law. A District Judge may also reconsider sua sponte any matter determined by a Magistrate Judge under this rule.

Also, under Federal Rule of Civil Procedure 72(a), the Court may modify or reverse a magistrate judge on a non-dispostive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to the law." Specifically, Federal Rule of Civil Procedure 72(a) provides:

> **Nondispositive Matters.** When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings, and when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law.

A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *See also Weeks v. Samsung*

*Heavy Industries Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.").

Here, the Court finds that Judge Williams' ruling was neither clearly erroneous nor contrary to law. Magistrate Williams' November 14, 2016 Memorandum and Order is well written and clearly sets out the reasons for his ruling. After reviewing the scheduling orders and minute orders throughout the record, the Court concludes, as Magistrate Judge Williams' concluded, that the motion to amend is untimely. The record reveals that the discovery and the litigation is really at the tail end and that plaintiffs did have this material for a significant period of time. Thus, these new claims should have been raised much earlier by plaintiffs. There is no reason for this Court to vacate Judge Williams' Memorandum and Order.

Still unresolved is the defendants' motion for judgment on the pleadings (Doc. 124). Defendants seek judgment on the pleadings as to Counts I and II of plaintiffs' second amended complaint and ask the Court to strike the punitive damages claim in Count II (Doc. 124).[1] Plaintiffs basically concede the motion for judgment on the pleadings (Doc. 135).[2] In light of the Court's ruling *supra* and

---

1 Count I of the second amended complaint is for breach of implied warranties of merchantability and fitness for a particular purpose and Count II of the second amended complaint is for violations of the Uniform Deceptive Trade Practices Act (Doc. 85).
2 "Plaintiffs agree that they do not have standing to pursue a claim under the Illinois Consumer

plaintiffs' concession, the Court **GRANTS** the motion for judgment on the pleadings. The Court **DISMISSES** with prejudice Counts I and II of the second amended complaint and strikes the claim for punitive damages contained in Count II of the second amended complaint.

Accordingly, the Court **AFFIRMS** Magistrate Judge Williams' November 14, 2016 Memorandum and Order (Doc. 148), **DENIES** plaintiffs' request to appeal and objections to the Magistrate's November 14, 2016 Memorandum and Order pursuant to Fed. R. Civ. P. 72 and Local Rule 73.1 (Doc. 153) and **GRANTS** defendants' motion for judgment on the pleadings (Doc. 124). The Court **DISMISSES with prejudice** Counts I and II of the second amended complaint and **STRIKES** the claim for punitive damages in Count II of the second amended complaint (Doc. 85). The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same as to Counts I and II of the second amended complaint at the close of the case. Count III, unjust enrichment, and Count IV, injunctive relief, remain pending in the second amended complaint.

**IT IS SO ORDERED.**

Signed this 10th day of January, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.01.10 15:25:05 -06'00'

**United States District Judge**

---

Fraud Act. ... In regards to Defendants' arguments related to Breach of Implied Warranties, Plaintiffs have researched the issue and agree that the individual Plaintiffs in this action did not provide Defendants with pre-suit notice on an alleged breach of warranty and dismissal is warranted." (Doc. 135).